IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO L. MALONE,

    Petitioner,

v.	CASE NO. 4:05-cv-00383-MP-AK

JAMES V. CROSBY, JR.,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 6, Amended Petition for Writ of Habeas Corpus, filed by Antonio L. Malone. According to the face of the petition, Petitioner was convicted of numerous drug violations on February 7, 1991. He appealed his convictions, which were affirmed in 1992. In 1993, he filed a motion for post-conviction relief pursuant to Rule 3.850. The motion was denied and was affirmed on appeal in 1994. Petitioner's conviction therefore became final before the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

    For convictions which became final before that date, the one-year period for filing habeas corpus petitions begins to run from the date of enactment of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840

(2000). Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A). The instant petition was not filed until October, 2005, approximately eight years out of time.

The Court has examined the other potential bases for starting the one-year filing period in view of the allegations of the petition, and none of them are applicable. Furthermore, although the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Petitioner's request that this cause be stayed pending exhaustion, Doc. 7, is not well taken. This cause is out of time, and exhaustion should have been completed years ago. Staying this matter until Petitioner exhausts his claims would not revive them in this Court. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Because the instant petition is untimely, it is respectfully **RECOMMENDED:**

That the amended petition for writ of habeas corpus, Doc. 6, be **DENIED**;

That the motion to stay, Doc. 7, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **7th** day of December, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**